UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA (INDIANAPOLIS DIVISION)

| | |
|---|---|
| WYATT BABB,<br>    Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br><br>    Defendant. | Case No.: 1:20-CV-02714-JPH-TAB |

## ANSWER OF DEFENDANT NATIONAL CREDIT SYSTEMS, INC.

Defendant, National Credit Systems, Inc. ("Defendant"), by and through its undersigned counsel, hereby files its Answer with Affirmative Defenses to the Complaint filed by Plaintiff, Wyatt Babb, ("Plaintiff"), as follows:

## JURISDICTION AND VENUE

1. Admitted in part and denied in part. Defendant admits that the Plaintiff has brought an action seeking damages for alleged violations under the Fair Debt Collection Practices Act, though Defendant denies that it violated the law or is liable to the Plaintiff under any theory for any amount. The remaining allegations in this paragraph constitute conclusions of law. Defendant refers all questions of law to this Honorable Court, and as such, the remaining allegations in this paragraph are denied.

2. Defendant admits that, from time to time, it acts within the state of Indiana. denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount. Answering further, Defendant does not contest venue.

## PARTIES

3. Admitted in part, denied in part. Defendant admits that Wilshaw Apartments placed an account of the Plaintiff's with it. Defendant denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.

4. Admitted in part, denied in part. Defendant admits that it is a Georgia corporation. Defendant further admits that, from time to time, it acts as a debt collector within the definition set forth within the FDCPA. Defendant denies the allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.

5. Admitted in part, denied in part. Defendant admits that it has a registered agent in the state of Indiana. Defendant denies the remaining allegations as they constitute conclusions of law, for which no response is required.

6. Admitted in part, denied in part. Defendant admits that it is a licensed debt collector, but denies that it acts as a debt collector in every instances in which it "acts". Defendant denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount. Defendant further denies the remaining allegations as they constitute conclusions of law, for which no response is required.

## FACTUAL ALLEGATIONS

7. Defendant admits that it appears that Mr. Babb did file for Chapter 7 relief as alleged in this paragraph. Defendant denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.

8. Defendant denies allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.

9. Defendant admits that it appears that a general discharge was received by Mr. Babb. Defendant denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.

10. Defendant admits that bankruptcies are generally a matter of public record. Defendant denies that Mr. Babb's bankruptcy was contained within the original creditors' records. Defendant denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.

11. Defendant admits sending the letter attached to the complaint as Exhibit F. Defendant denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.

12. Denied.

13. Defendant admits that the allegations in Plaintiff's complaint purport to have happened in the one year prior to the filing of Plaintiff's complaint, but Defendant denies that it violated the law or that it is liable to the Plaintiff under any theory for any amount.

14. The allegations in this paragraph constitute conclusions of law. Defendant refers all questions of law to this Honorable Court, and as such, the remaining allegations in this paragraph are denied.

## COUNT I
### Violation Of § 1692e Of The FDCPA
### Demanding Payment of A Debt Included In A Bankruptcy

15. Defendant reasserts and realleges each and every previous paragraph as if every paragraph is fully set forth herein.

16. Defendant states that the FDCPA is a writing which speaks for itself, and Defendant denies any attempt to misconstrue the same. Moreover, the assertions in this paragraph constitute conclusions of law. Defendant refers all questions of law to this Honorable Court, and as such, the remaining allegations in this paragraph are denied.

17. Defendant states that the FDCPA is a writing which speaks for itself, and Defendant denies any attempt to misconstrue the same. Moreover, the assertions in this paragraph constitute conclusions of law. Defendant refers all questions of law to this Honorable Court, and as such, the remaining allegations in this paragraph are denied.

18. Denied.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA
### Failure To Cease Communications And Cease Collections

19. Defendant reasserts and realleges each and every previous paragraph as if every paragraph is fully set forth herein.

20. Defendant states that the FDCPA is a writing which speaks for itself, and Defendant denies any attempt to misconstrue the same. Moreover, the assertions in this paragraph constitute conclusions of law. Defendant refers all questions of law to this Honorable Court, and as such, the remaining allegations in this paragraph are denied.

21. Defendant states that the FDCPA is a writing which speaks for itself, and Defendant denies any attempt to misconstrue the same. Moreover, the assertions in this paragraph constitute

conclusions of law. Defendant denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.

22. Defendant denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to plead a claim upon which relief may be granted.

2. Plaintiff's claims against Defendant are barred in whole or in part, by the fact Plaintiff has no standing because he has no injury-in-fact as the result of any act or omission attributable to Defendant.

3. If Defendant violated the FDCPA, which it denies, Plaintiff has incurred no actual damages or any ascertainable loss as a result of the purported violation by Defendant.

4. Defendant is not liable to Plaintiff because any alleged violation, if true, was either unintentional or the result of a *bona fide* error despite the maintenance of procedures reasonably adapted to avoid any such violation or error. *See* 15 U.S.C. § 1692k.

5. A plaintiff in an FDCPA action has the burden of proving that the underlying debt is consumer in nature. Plaintiff has not pleaded any facts demonstrating that the alleged account at issue was a consumer debt beyond mere conclusory statements.

6. Plaintiff has failed to meet any conditions precedent – namely, Plaintiff never properly notified the original creditor at their mailing address of their bankruptcy.

7. Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability or damages as to Defendant.

8. Plaintiff has failed to allege any fact that would support a claim for actual damages. Therefore, to the extent Plaintiff seeks actual damages, that request for should be dismissed or withdrawn.

## JURY DEMAND

Defendant National Credit Systems, Inc., hereby demands a trial by jury.

**WHEREFORE**, Defendant National Credit Systems, Inc., respectfully requests that this Honorable Court enter judgment in its favor, dismissing Plaintiff's Complaint and granting any and all other relief as the Court deems just and equitable.

Dated: November 12, 2020

Respectfully Submitted,

/s/ Katrina M. DeMarte
Katrina M. DeMarte (MI Bar No. P81476;
CO Bar No. 43135)
**DEMARTE LAW, PLLC**
39555 Orchard Hill Place; PMB 6338
Novi, MI 48375
Tel. 313-509-7047
katrina@demartelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2020, I electronically mailed a copy of this document to Plaintiff's counsel of record.

*/s/ Katrina M. DeMarte*
